UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23502-Civ-COOKE

FRANCISCO R. AMADOR and
EDUVINA I. AMADOR,

    Appellants,

vs.

JACQUELINE CALDERIN,

    Appellee.
_____/

## ORDER

THIS MATTER is before me upon Debtor's Motion For Leave to Appeal Filed Pursuant to FRBP 8003 and 8004 ("Appellants' Motion") (ECF No. 1). I have carefully considered Appellant's arguments, Appellee's Response in Opposition to Debtor's Motion for Leave to Appeal (ECF No. 5), Appellants' Reply (ECF No. 8), the record, and relevant legal authorities. The matter is now ripe for review.

### I.    BACKGROUND

Appellants seek leave to appeal an order of the bankruptcy court granting Appellants' motion to dismiss their bankruptcy case on the condition they pay the reasonable attorneys' fees of the bankruptcy trustee, the Appellee in the instant case. *See* Order, ECF No. 1, p. 17–18. The order specifically gave Appellants a deadline by which to file any objections to the Appellee's Fee Statement, and provided that if Appellants and Appellee's counsel could not agree on a reasonable fee and terms of payment, the Appellants could file a motion. *Id.* Appellants maintain that the order is final and their appeal is as of right, but also argue that their situation meets the standard to grant an interlocutory appeal. While both Appellants and Appellees argue over the propriety of each other's actions throughout the underlying bankruptcy proceeding, at this procedural stage of the case, my review is confined to whether the order is appealable.

1

## II. DISCUSSION

### A. The bankruptcy court order is not a final order.

Pursuant to the Bankruptcy Code, district court judges have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. *See* 28 U.S.C. § 158(a)(1). "Generally speaking, to be 'final' under 28 U.S.C. § 158(d) and § 1291, an order must end the litigation on the merits, leaving nothing to be done but execute the judgment." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008). While "finality" has a somewhat more flexible connotation in bankruptcy proceedings, "to be final, a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief.'" *Id.* at 1136–37. The order at issue here simply does not dispose of any of the issues to which it pertains—the case is not yet dismissed, and the amount of the fees to be paid is still to be determined. The order is therefore not a final order.

### B. Appellants have not met the standard to proceed with an interlocutory appeal.

#### a. Standard of Review for Interlocutory Appeals

"When the bankruptcy order on appeal is not final, it is within the discretion of this Court whether to entertain the appeal pursuant to 28 U.S.C. § 158(a)(3)." *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 823 (S.D. Fla. 2007). Interlocutory appeals are generally disfavored; however, district courts can grant interlocutory review "if the subject issue: '(1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) is such that an immediate appeal would advance the ultimate termination of the litigation.'" *Id.*, at 824 n.5 (collecting cases which apply the factors in 28 U.S.C. § 1292(b) to bankruptcy appeals). If a party fails to establish any one of these criteria, leave to appeal must be denied. *Id.* (citing *Celotex Corp. v. AIU Ins. Co. (In re Celotex Corp.),* 187 B.R. 746, 749 (M.D.Fla.1995)). "Even applying these factors, the moving party still has 'the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *In re Lorenzo*, 2014 WL 273130, at *2 (S.D. Fla. Jan. 24, 2014) (quoting *Coopers & Lyband v. Livesay,* 437 U.S. 463, 475 (1978)). As such, interlocutory bankruptcy appeals should be the exception, not the rule. *Id.*; *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th

Cir. 2004) ("Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.").

### b. No Controlling Issue of Law

"An issue is characterized as a controlling question of law if it deals with a question of 'pure' law, or matters that can be decided quickly and cleanly without having to study the record." *Figueroa*, 382 B.R. at 824. "It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact." *McFarlin*, 381 F.3d at 1258. Decisions that involve the exercise of discretion also are not controlling issues of law. *See In re Lorenzo*, 2014 WL 273130, at *2 ("The bankruptcy orders appealed here involve an exercise of discretion, and not a controlling question of law."). While Appellants argue that the bankruptcy court did not have discretion and was required to dismiss the bankruptcy proceeding, whether to dismiss a voluntary bankruptcy petition under 11 U.S.C. § 707(b) is clearly discretionary. The statute states, "After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, *may* dismiss a case . . . " 11 U.S.C. § 707(b) (emphasis added).[1]

Appellants also contend that the bankruptcy court had no authority to condition the dismissal on Appellants paying the Appellee's attorneys' fees and therefore the issue is merely a matter of law. However, a "'debtor has no absolute right to dismissal of a Chapter 7 case,' unconditional or otherwise." *In re Fleurantin*, 420 F. App'x 194, 197 (3d Cir. 2011) (quoting *In re Smith,* 507 F.3d 64, 72 (2d Cir.2007)). In fact, "the bankruptcy courts have broad authority to act in a manner that will prevent injustice or unfairness in the administration of bankruptcy estates," including "craft[ing] flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, effect the result the Code was designed to

---

[1] Appellants cite to *Pollitzer v. Gebhardt*, 860 F.3d 1334 (11th Cir. 2017) to show that a bankruptcy court *must* dismiss a bankruptcy case it finds to be abusive. However, nowhere does *Pollitzer* say a bankruptcy court is *required* to dismiss such cases; it merely states, "Section 707(b) of the Bankruptcy Code *allows* a bankruptcy court to dismiss a petition filed under Chapter 7 if it determines that relief would be an 'abuse' within the meaning of that section." *Id.* (emphasis added).

obtain." *In re Kaiser Aluminum Corp.,* 456 F.3d 328, 340 (3d Cir. 2006) (citing 11 U.S.C. § 105(a) (authorizing bankruptcy courts to "issue any order . . . necessary or appropriate to carry out the provisions of this title")). This broad authority includes conditioning a dismissal on the payment of fees and costs. *See Matter of Richards*, 4 B.R. 85, 86 (Bankr. M.D. Fla. 1980) ("[This Court] is inclined to dismiss this case on the condition that the Debtor pay the costs to be imposed, which this Court has the inherent power to impose . . ."). The bankruptcy court's decision to condition a dismissal on payment of fees was an exercise of discretion and application of the law to the specific facts of this case; therefore, the order does not contain a pure issue of law.

Because there is no controlling issue of law, "there can be no substantial ground for difference of opinion among courts." *In re Lorenzo*, 2014 WL 273130, at *2. As such, Appellants have not met two of the three requirements to justify an interlocutory appeal and there is therefore no need to address whether the third requirement is met. *See Figueroa*, 382 B.R. at 824. "Once the bankruptcy court has rendered its final judgment, Appellant[s] will be in a position to take a direct appeal to challenge any and all rulings of the bankruptcy judge, including factual rulings and legal rulings." *In re Lorenzo*, 2014 WL 273130, at *2.

### III. CONCLUSION

For the reasons discussed above, it is **ORDERED and ADJUDGED** as follows:

1. Debtor's Motion For Leave to Appeal Filed Pursuant to FRBP 8003 and 8004 (ECF No. 1) is **DENIED**.

2. The above-styled cause is hereby **DISMISSED**.

3. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 28th day of November 2017.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*
*Francisco R. Amador*, pro se
*Eduvina I. Amador*, pro se